| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Lathan Equipment Co., LLC |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF NEW YORK |
| Case number (if known) | 1-22-10186 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11         02/20

Lathan Equipment Co., LLC 's Plan of Reorganization, Dated December 27, 2022

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Lathan Equipment Co., LLC** (the *Debtor*) from cash flow from operations.

This Plan provides for:
    **0**   classes of priority claims;
    **16**  classes of secured claims;
    **1**   class of non-priority unsecured claims; and
    **1**   class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **100** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | Class 1 | The claim of **Amur Equipment Finance**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | Class 2 | The claim of **Byline Financial Group**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | Class 3 | The claim of **Direct Capital/CIT Bank, NA, secured by Spyderlift** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | Class 4 | The claim of **Direct Capital/CIT Bank, NA, secured by H&H Trailer/Plows**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | Class 5 | The claim of **Direct Capital/CIT Bank, NA, secured by 2011 Ford F250**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 | Class 6 | The claim of **Citizens Bank**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.07 | Class 7 | The claim of **Financial Pacific Leasing**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.08 | Class 8 | The claim of **Navitas Credit Corp., secured by 2016 Carlton Stump Grinder**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.09 | Class 9 | The claim of **Navitas Credit Corp., secured by Bobcat A300**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.10 | Class 10 | The claim of **Navitas Credit Corp., secured by Rotochopper**, to the extent allowed as a secured claim under § 506 of the Code. |

[Add other classes of secured creditor, if any. *Note*: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) if the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

| | Debtor | Lathan Equipment Co., LLC | | Case number (if known) | 1-22-10186 |
|---|---|---|---|---|---|
| | | Name | | | |

| | | |
|---|---|---|
| 2.11 | Class 11 | The claim of <u>Stearns Bank, secured by Bobcat and Tubgrinder</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.12 | Class 12 | The claim of <u>Stearns Bank, secured by 2008 Ford/Trailer/Plow combo</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.13 | Class 13 | The claim of <u>Stearns Bank, secured by 2007 International Rolloff Truck</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.14 | Class 14 | The claim of <u>Woodhill Capital Corp., secured by 1998 Ford</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.15 | Class 15 | The claim of <u>Woodhill Capital Corp., secured by 2007 Ford Chip Truck/2007 Sterling</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.16 | Class 16 | The claim of <u>Channel Partners</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.17 | Class 17 | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.18 | Class 18 | Equity interests of the Debtor. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | Unclassified claims | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | Administrative expense claims | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The compensation owed to counsel for the Debtor, as approved by the Court, shall be paid as agreed over a term of two (2) years from the Effective Date. |
| 3.03 | Priority tax claims | 1) The priority claim of Internal Revenue Service will be paid in full on the Effective Date; <br> 2) The priority claim of the New York State Department of Taxation and Finance shall be paid with interest thereon at the rate of 9% per annum over a term of two (2) years from the Effective Date, in equal quarterly payments in the amount of $185.93 each, due on the last day of March, June, September and August each year, commencing March 31, 2023, and ending on December 31, 2025. |
| 3.04 | Statutory fees | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | Prospective quarterly fees | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured claim of Amur Equipment Finance | ☑ Impaired <br> ☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$618**, due on the 1st day of each month commencing on the first day of the first month following the effective date of the Plan. |
| Class 2 – Secured claim of Byline Financial Group | ☑ Impaired <br> ☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$557**, due on the 15th day of each month commencing on the fifteenth day of the first month following the effective date of the Plan. |

| | | |
|---|---|---|
| Class 3 – Secured claim of Direct Capital/CIT Bank, NA | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$1,117**, due on the 25th day of each month commencing on the twenty-fifth day of the first month following the effective date of the Plan. |
| Class 4 – Secured claim of Direct Capital/CIT Bank, NA | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$296**, due on the 10th day of each month commencing on the tenth day of the first month following the effective date of the Plan. |
| Class 5 – Secured claim of Direct Capital/CIT Bank, NA | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$335**, due on the 22nd day of each month commencing on the twenty-second day of the first month following the effective date of the Plan. |
| Class 6 – Secured claim of Citizens Bank | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$385**, due on the 17th day of each month commencing on the seventeenth day of the first month following the effective date of the Plan. |
| Class 7 – Secured claim of Financial Pacific Leasing, Inc. | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$222**, due on the 25th day of each month commencing on the twenty-fifth day of the first month following the effective date of the Plan. |
| Class 8 – Secured claim of Navitas Credit Corp. | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$203**, due on the 25th day of each month commencing on the twenty-fifth day of the first month following the effective date of the Plan. |
| Class 9 – Secured claim of Navitas Credit Corp. | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$816**, due on the 25th day of each month commencing on the twenty-fifth day of the first month following the effective date of the Plan. |
| Class 10 – Secured claim of Navitas Credit Corp. | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$551**, due on the 25th day of each month commencing on the twenty-fifth day of the first month following the effective date of the Plan. |
| Class 11 – Secured claim of Stearns Bank | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$312**, due on the 10th day of each month commencing on the tenth day of the first month following the effective date of the Plan. |
| Class 12 – Secured claim of Stearns Bank | ☑ Impaired<br>☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of **$254**, due on the 15th day of each month commencing on the fifteenth day of the first month following the effective date of the Plan. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 13 – Secured claim of Stearns Bank | ☒ Impaired ☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of $538, due on the 25th day of each month commencing on the twenty-fifth day of the first month following the effective date of the Plan. |
| Class 14 – Secured claim of Woodhill Capital Corp. | ☒ Impaired ☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of $305, due on the 1st day of each month commencing on the first day of the first month following the effective date of the Plan. |
| Class 15 – Secured claim of Woodhill Capital Corp. | ☒ Impaired ☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 7 years in fixed monthly payments in the amount of $483, due on the 15th day of each month commencing on the fifteenth day of the first month following the effective date of the Plan. |
| Class 16 – Secured claim of Channel Partners | ☒ Impaired ☐ Unimpaired | Claim is deemed fully secured. Creditor will retain its lien and be paid the allowed amount with interest at the rate of 7% per annum over a term of 5 years in fixed monthly payments in the amount of $827, due on the 6th day of each month commencing on the sixth day of the first month following the effective date of the Plan. |
| Class 17 – Non-priority unsecured creditors | ☒ Impaired ☐ Unimpaired | Unsecured claims totaling $84,235, will be paid in full without interest in twenty (20) consecutive equal quarterly payments in the amount of $4,212, payable on the last day of March, June, September and December each year commencing March 30, 2025 |
| Class 18 – Equity security holders of the Debtor | ☒ Impaired ☐ Unimpaired | Equity security holders of the Debtor shall retain their interests but shall not receive any distribution under the Plan. |

## Article 5: Allowance and Disallowance of Claims

**5.01  Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable Order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02  Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03  Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01  Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

**NONE**

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **60** days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

The Debtor shall continue in control of its business and shall have all rights to operate in the ordinary course of business. The Debtor shall continue to be owned, operated and managed by Andrew Lathan. The Plan shall be funded from cash flow from business operations. Debtor shall retain all property of the estate.

## Article 8: General Provision

**8.01 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

NONE

**8.02 Effective Date**

The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03 Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding Effect:**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06 Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07 Retention of Jurisdiction**

The Court shall retain jurisdiction after confirmation until all payments and distributions called for under the Plan have been made and until the entry of final decree, in respect to the following matters:

A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation to set aside liens, or to recover any preferences, transfers, assets, or damages to which it may be entitled under the provisions of the Bankruptcy Code or other federal or state law;

B. To hear and determine all claims, including claims arising from the rejection of any executory contract and any objections from the rejection of any executory contract and any objections which may be made thereto;

C. To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

D. To adjudicate all claims to any lien on any property of the Debtor or any proceeds;

E. To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

F. To recover all assets and properties of the Debtor, wherever located, to the extent necessary for the consummation of this Plan;

G. To allow or disallow any claim;

H. To determine the propriety of the terms and conditions of the sale of any property of the Debtor; and

I. To make any orders which may be necessary or appropriate to carry out the provisions of this Plan.

## Article 9: Discharge

**9.01** ☐ **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Lathan Equipment Co., LLC | Case number (if known) 1-22-10186 |
|---|---|---|
| | Name | |

☐ **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

☑ **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

☐ **No discharge if § 1141(d)(3) is applicable.** In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

**Article 10: Other Provisions**

10.01 **Revesting of Property** — Except as otherwise provided in the Plan, on the Effective Date all property of the Debtor shall revest in the Reorganized Debtor free and clear of all claims, liens, charges, encumbrances and interests of creditors.

10.02 **Business Operations** — As of the Confirmation Date, the Debtor or Reorganized Debtor may operate the business and use, acquire and dispose of property, and settle and compromise claims with or without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order.

10.03 **Post-Confirmation Obligations** — Payment obligations incurred after the date and time of entry of the confirmation order, including without limitation, professional fees of the Debtor, will not be subject to application or Proof of Claim and may be paid by the Debtor in the ordinary course of business and without further Bankruptcy Court approval.

Respectfully submitted,

X /s/ Andrew J. Lathan
[Signature of the Plan Proponent]

Andrew J. Lathan
[Printed name]

X /s/ David H. Ealy
[Signature of the Attorney for the Plan Proponent]

David H. Ealy, Esq. 2020832
[Printed name]